Filed 3/9/23  In re Savannah K. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re SAVANNAH K., et al., Persons Coming Under the Juvenile Court Law. <br><br> _____ <br><br> LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RASHAD K., <br><br> Defendant and Appellant. | B315009 <br><br> (Los Angeles County Super. Ct. No. 21CCJP01678) |

APPEAL from orders of the Superior Court of Los Angeles County, Robin R. Kesler, Juvenile Court Referee.  Dismissed.

Emery El Habiby and Paul Swiller, under appointment by the Court of Appeal, for Defendant and Appellant Rashad K.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavani, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

**INTRODUCTION**

Rashad K. appeals from the juvenile court's July 8, 2021 jurisdiction findings and disposition orders. He argues the court erred in denying his request for custody of his children, 13-year-old Savannah and 12-year-old Joshua, under Welfare and Institutions Code section 361.2, subdivision (a), after the court removed them from the custody of their mother, Christina W.[1]

Several weeks after the juvenile court denied Rashad's request for custody of his children under section 361.2, the Department filed a subsequent petition under section 342 alleging Rashad physically abused his girlfriend and her one-year-old child. On October 15, 2021 the juvenile court sustained the subsequent petition, declared Savannah and Joshua dependent children of the court, and removed them from Rashad. Rashad appealed from that order, but we dismissed his appeal after his appellate counsel filed a brief stating there were no arguable issues. (See *In re Phoenix H.* (2009) 47 Cal.4th 835, 844.) Because the October 15, 2021 order sustaining the petition and removing Rashad's children from him is final, we cannot provide Rashad any effective relief in this appeal. Therefore, we

_____

[1] Christina is not a party to this appeal. Undesignated statutory references are to the Welfare and Institutions Code.

2

dismiss Rashad's appeal from the July 8, 2021 order denying his request for custody under section 361.2.

Rashad also argues the Department and the juvenile court failed to comply with the inquiry and notice provisions of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California law. While this appeal was pending, however, the Department conducted a further inquiry into whether Savannah and Joshua may be Indian children, and the juvenile court, based on the Department's additional investigation, found they are not. Because the parties agree these developments moot Rashad's challenge to the court's prior ICWA findings, we also dismiss this part of his appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Juvenile Court Detains Savannah and Joshua, Sustains a Petition Under Section 300, and Denies Rashad's Request for Custody Under Section 361.2*

In March 2021 the Department received a referral alleging Christina was neglecting Savannah, Joshua, and their four half-siblings. The referral stated the children were living with a maternal aunt who was unable to care and financially provide for them. The maternal aunt told a social worker that Christina (who had custody of Savannah and Joshua) left the children in the care of a woman the family did not know, that the maternal aunt took the children from the woman eight months ago, and that Christina had visited the children only three times.

After an investigation the Department filed a petition under section 300, subdivisions (a), (b)(1), and (j), alleging Christina physically abused Savannah and Joshua, made an

3

inappropriate plan for their care and supervision, and abused and neglected Savannah and Joshua's siblings. At the detention hearing in April 2021 the court found the Department had made a prima facie showing Savannah and Joshua were persons described by section 300 and detained them from Christina and Rashad.

At a combined jurisdiction and disposition hearing on July 8, 2021 the juvenile court sustained the petition, declared Savannah and Joshua dependent children of the court, and removed them from Christina and Rashad. The court ordered reunification services and monitored visitation for both parents. The court denied Rashad's request under section 361.2 to place Savannah and Joshua with him as a non-offending, noncustodial parent. The court found that Rashad did not have a relationship with his children and that the children reported they were uncomfortable in his care. The court also found that, after Rashad visited the children in 2020, he left the children with Christina, even though she was leaving the children alone for extended periods of time. Finally, the court found that relatives reported Rashad had mental health issues, that Rashad called and "cussed out" relatives who were caring for the children, and that in 2019 Rashad said he did not know where Christina was. Rashad timely appealed from the jurisdiction findings and disposition orders.

B. *The Juvenile Court Sustains a Subsequent Petition and Removes Savannah and Joshua from Rashad*

Several weeks after the disposition hearing, the Department filed a subsequent petition under section 342 (which the Department later amended) alleging Rashad was violent

4

toward his girlfriend and her one-year-old son. On October 15, 2021 the court sustained the subsequent petition, finding true allegations that Rashad kicked the child in the stomach, that he failed to protect the child from his girlfriend's substance abuse, that his criminal record in four states and history of lying to law enforcement put his children at risk of physical harm, and that he left his children in a motel room with Christina despite her substance abuse issues and inability to care for the children.[2] The court removed Savannah and Joshua from Rashad and Christina.

Rashad timely appealed from the juvenile court's jurisdiction findings on the sustained petition under section 342 and the court's disposition orders. We dismissed that appeal after Rashad's appointed counsel advised us in writing there were no arguable issues and Rashad failed to file a supplemental brief. (*In re S.K.*, B316929, dism. Feb. 1, 2023; see *In re Phoenix H.*, *supra*, 47 Cal.4th at p. 844.)

## DISCUSSION

A. *The Appeal from the Order Denying Rashad's Request for Custody Under Section 361.2 Is Moot*

1. *Applicable Law*

"Juvenile dependency appeals raise unique mootness concerns because the parties have multiple opportunities to appeal orders even as the proceedings in the juvenile court proceed." (*In re N.S.* (2016) 245 Cal.App.4th 53, 59.) "'[T]he

---

[2] We take judicial notice of the juvenile court's October 15, 2021 order. (See Evid. Code, §§ 452, subd. (d), 459.)

critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.'" (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163; see *In re D.P.* (2023) 14 Cal.5th 266, 275.) An "appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief." (*Rashad D.*, at p. 163.) "A reviewing court must "'decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding.'"'" (*In re D.P.*, at p. 276.) "'When no effective relief can be granted, an appeal is moot and will be dismissed.'" (*In re J.A.* (2020) 47 Cal.App.5th 1036, 1050-1051.)

2.    *We Cannot Grant Rashad Any Effective Relief in His Appeal from the Order Denying His Request for Custody Under Section 361.2*

Rashad argues substantial evidence did not support the juvenile court's July 8, 2021 finding under section 361.2, subdivision (a), that placing Savannah and Joshua with Rashad would be detrimental to their safety, protection, or physical or emotional well-being. As discussed, however, on October 15, 2021 the juvenile court removed Savannah and Joshua from Rashad after the court sustained a subsequent petition alleging Rashad physically abused his girlfriend and her son. Thus, even if we were to reverse the juvenile court's July 8, 2021 order denying his request for custody under section 361.2, subdivision (a), the court's October 15, 2021 now-final order removing Savannah and Joshua from Rashad would preclude placing the children with him. Because we cannot provide Rashad any

6

effective relief, his appeal from the July 8, 2021 order denying his request for custody of the children is moot.

B. *The Appeal from the Juvenile Court's ICWA Findings Is Moot*

"ICWA and governing federal regulations (25 C.F.R. § 23.101 et seq. (2022)) set minimal procedural protections for state courts to follow before removing Indian children and placing them in foster care or adoptive homes."[3] (*In re M.B.* (2022) 80 Cal.App.5th 617, 625; see *In re Rylei S.* (2022) 81 Cal.App.5th 309, 316.) ICWA provides that, "where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe . . . of the pending proceedings and of their right of intervention." (25 U.S.C. § 1912(a); see *In re Isaiah W.* (2016) 1 Cal.5th 1, 5; *In re J.C.* (2022) 77 Cal.App.5th 70, 76.) ICWA's notice requirements "facilitate a determination of whether the child is an Indian child under ICWA" and ensure an Indian tribe "is aware of its right to intervene in or, where appropriate, exercise jurisdiction over a child custody proceeding involving an Indian child." (*Isaiah W.*, at p. 8; see *In re Antonio R.* (2022) 76 Cal.App.5th 421, 429.)

"To ensure Indian tribes may exercise their rights in dependency proceedings as guaranteed by ICWA and related

---

[3] "'ICWA defines an "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe."'" (*In re H.V.* (2022) 75 Cal.App.5th 433, 437; see 25 U.S.C. § 1903(4); § 224.1, subd. (a).)

state law, investigation of a family member's belief a child may have Indian ancestry must be undertaken and notice provided to the appropriate tribes." (*In re Rylei S.*, *supra*, 81 Cal.App.5th at p. 316; see *In re J.S.* (2021) 62 Cal.App.5th 678, 688.) Section 224.2, subdivision (a), provides that courts and child protective agencies "'have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . is to be, or has been, filed is or may be an Indian child.'" (See *In re Isaiah W.*, *supra*, 1 Cal.5th at p. 9; *In re H.V.* (2022) 75 Cal.App.5th 433, 437.) Section 224.2, subdivision (b), requires the child protective agency to ask the child, parents, legal guardian, and "extended family members," among others, "whether the child is, or may be, an Indian child." (*In re J.C.*, *supra*, 77 Cal.App.5th at p. 77; see *In re A.C.* (2022) 86 Cal.App.5th 130, 132; *In re Y.W.* (2021) 70 Cal.App.5th 542, 552; Cal. Rules of Court, rule 5.481(a)(1).)

"The duty to develop information concerning whether a child is an Indian child rests with the court and the Department, not the parents or members of the parents' families." (*In re Antonio R., supra*, 76 Cal.App.5th at p. 430; see *In re K.R.* (2018) 20 Cal.App.5th 701, 706 [the juvenile court "and the agency must act upon information received from any source, not just the parent [citations], and the parent's failure to object in the juvenile court to deficiencies in the investigation or noticing does not preclude the parent from raising the issue for the first time on appeal"].) "Thus, a juvenile court errs in making a finding ICWA does not apply to the proceedings without first ensuring that the Department has made an adequate inquiry under ICWA and California law, and if necessary, the court must continue the proceedings and order the Department to fulfill its

8

responsibilities." (*In re Antonio R.*, at p. 431; see § 224.2, subd. (i)(2).)

In the Indian Child Inquiry Attachment to the petition (Judicial Council Forms, form ICWA-010(A)), the Department stated that on April 8, 2021 a social worker questioned a maternal aunt, Colinda, and that Colinda gave the social worker no reason to believe Savannah and Joshua were or may be Indian children. Christina and Rashad completed parental notification of Indian status forms (Judicial Council Forms, form ICWA-020), in which they indicated they had no known Indian ancestry. At the detention hearing the juvenile court found there was no reason to believe Savannah and Joshua were Indian children under ICWA. At first, this was the extent of the Department's inquiry into the children's possible Indian ancestry.

The Department concedes its initial inquiry was inadequate because the Department "failed to make initial inquiry of . . . available relatives" other than Christina, Rashad, and Colinda. (See *In re Rylei S.*, *supra*, 81 Cal.App.5th at p. 81 ["[r]egardless of a parent's response concerning his or her possible Indian ancestry on the ICWA-020 Parental Notification of Indian Status form or when questioned by the court at the initial appearance, . . . section 224.2, subdivision (b), requires the agency to ask the child, the parents, extended family members and others who have an interest in the child whether the child is, or may be, an Indian child"].) During its investigation into the allegations of the petition, the Department interviewed several extended family members, including two paternal great aunts and a maternal uncle, but did not ask them about Savannah and Joshua's possible Indian ancestry.

But on June 14, 2022 the juvenile court ordered the Department to make additional inquiry into the children's Indian status. We subsequently granted the Department's motion for judicial notice of the juvenile court's June 14, 2022 order directing the Department to "interview the mother, the father, and all available relatives to ascertain whether the family has any Indian ancestry" and to file "a detailed report" of its interviews. The Department complied with the juvenile court's order, and on July 13, 2022 and September 26, 2022 filed reports detailing its supplemental investigation.

On February 21, 2023 the juvenile court, having read the two reports, found ICWA did not apply.[4] That same day, the parties jointly reported to this court that the Department had "conducted additional inquiry of extended family members about the ICWA and documented its interviews and efforts to interview the parents," that the Department "subsequently provided additional information regarding the ICWA" to the juvenile court, and that the court found on February 21, 2023 ICWA did not apply. Counsel for Rashad stated "the Department has complied with the juvenile court's order."

At this point, we cannot grant Rashad any effective relief in this appeal regarding the Department's and the juvenile court's compliance with ICWA. The Department has conducted an additional inquiry, which the juvenile court has found was sufficient. If Rashad believes that the Department's supplemental inquiry was insufficient or that the juvenile court erred on February 21, 2023 in finding ICWA does not apply, Rashad's remedy is to appeal from that order. In the meantime,

---

[4] We take judicial notice of the juvenile court's February 21, 2023 order. (See Evid. Code, §§ 452, subd. (d), 459.)

this appeal challenging the juvenile court's prior ICWA findings is moot.

## DISPOSITION

The appeal is dismissed.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.

11